IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RITA FLOYD, et al.,

    Plaintiffs,

v.                                                                                          No. CIV 07-1258 MCA/DJS

STATE OF NEW MEXICO,
NMWF AT GRANTS (C.C.A.),
WARDEN (ALLEN COOPER),

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), 42 U.S.C. § 1997e(a), and Fed. R. Civ. P. 12(b)(6), to review Plaintiffs' civil rights complaint. Also before the Court are Plaintiffs' motions to appoint counsel and special master (Docs. 15, 23), to amend (Docs. 19, 20, 29), and for injunction (Doc. 28). Defendants' motions for prescreening review (Docs. 22), for stay of proceedings (Docs. 34), and to strike (Doc. 32) are also under consideration. Plaintiffs are incarcerated and appearing pro se; several of them have been granted leave to proceed in forma pauperis, and the filing fee has been paid.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, --- U.S. ---, ---, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

In their motion for prescreening review, Defendants ask that the Court review Plaintiffs' pleadings pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2), 1915A. Defendants also point out that Plaintiffs affirmatively state that they have not exhausted available administrative remedies, as required by 42 U.S.C. § 1997e(a). "As we found in *Aquilar-Avellaveda*[ *v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)], this holding [*Jones v. Bock*, --- U.S. ---, 127 S. Ct. 910 (2007)] does not wholly foreclose the district court's ability to raise sua sponte the exhaustion requirement. If it is clear on the face of [Plaintiff]'s complaint that [s]he had not exhausted [her] administrative remedies, then the district court properly may raise the exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and seek additional information from [Plaintiff]." *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007). "However, courts also are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials. . . . '[A] district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.' " *Aquilar-Avellaveda*, 478 F.3d at 1225 (quoting *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 682 (4th Cir. 2005)). Plaintiffs will be allowed an opportunity to establish that they have exhausted administrative remedies or, alternatively, that they should be excused from the requirement.

Plaintiffs' motions to appoint counsel and special master will be denied at this time. Factors the Court weighs when considering a motion for appointment of counsel in a civil rights case include " 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's

ability to present his claims, and the complexity of the legal issues raised by the claims.' " *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  The Court has reviewed the complaint and subsequent pleadings in light of the foregoing factors.  And though Plaintiffs' papers may be "inexpertly drawn," *Pyle v. Kansas*, 317 U.S. 213, 216 (1942), they appear to understand the issues in the case and to be representing themselves in an intelligent and capable manner.  *See Lucero v. Gunter*, 52 F.3d 874, 878 (10th Cir. 1995).  Furthermore, Plaintiffs present no factual or legal grounds for appointment of a special master.

The Court will deny Plaintiffs' motions to amend and for injunction at this time.  "[R]efusal to grant leave to amend is an exercise of discretion." *Williams v. United States*, 54 F. App'x 290, 292 (10th Cir. 2002) (citing *Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999).  Here, the question of amendment is properly deferred pending resolution of the exhaustion issue, and injunctive relief would only be available upon resolution of the exhaustion issue.  These motions will be denied without prejudice.

Last, Defendants' motions to strike and for stay will be denied.  The motion to strike finds no support under rule 12(f) of the Federal Rules of Civil Procedure.  And a formal stay of proceedings would be inappropriate at this stage of the proceeding.  *See Edwards v. Balisok*, 520 U.S. 641, 649 (1997); *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

IT IS THEREFORE ORDERED that Defendants' motion for prescreening review (Doc. 22). is GRANTED; and, within 20 days from entry of this Order, Plaintiffs shall file a response describing the steps they have taken to exhaust administrative remedies or, alternatively, explaining why they should be excused from the exhaustion requirement;

IT IS FURTHER ORDERED that Plaintiffs' motions to appoint counsel and special master

(Docs. 15, 23), to amend (Docs. 19, 20, 29), and for injunction (Doc. 28) are DENIED without prejudice at this time;

IT IS FURTHER ORDERED that Defendants' motions to strike (Doc. 32) and for stay of proceedings (Doc. 34) are DENIED.

_____
UNITED STATES MAGISTRATE JUDGE