UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RITA FLOYD, SOCORRO ALARCON, PATRICIA LEMMON, VIRGINIA MORENO, JOEGENIA PHILLIPS, HEDY PURCEY, DOROTHY CANDELARIA, and ANDREA JUDDA**,

     Plaintiffs,

v.                                       **CIVIL NO. 07-1258 MCA/DJS**

**STATE OF NEW MEXICO,
ALLAN COOPER, Warden, and
NEW MEXICO WOMEN'S FACILITY,**

     Defendants.

## ORDER

**THIS MATTER** is before the Court upon Plaintiffs' Motion for Joinder filed September 22, 2008 (Docket No. 43), Motion for Joinder by Sandra Marsh filed September 23, 2008 (Docket No. 44), Motion for Joinder by Linda Henning filed September 22, 2008 (Docket No. 46), Motion to Proceed Under 28 U.S.C. §1915 by Sandra Marsh filed September 22, 2008 (Docket No. 45), and the Motion to Proceed Under 28 U.S.C. §1915 by Linda Henning filed September 22, 2008 (Docket No. 47). By these motions Plaintiffs seek to add two individuals, Sandra Marsh and Linda Henning, to this action and also to obtain permission for them to proceed *in forma pauperis* in this action.

While each existing Plaintiff seeks to assert claims in this action, a *pro se* litigant may not represent another party in federal court. See 28 U.S.C. §1654 (providing that "parties may plead and conduct their own cases personally or by counsel"); Mann v. Boatright, 447 F.3d 1140, 1150 (10th Cir. 2007) (Adult child not permitted to assert constitutional claims on behalf of incapacitated

1

father); Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir.2000)( "A litigant may bring his own claims to federal court without counsel, but not the claims of others.").

Plaintiffs seek to bring this suit as a class action. However, this action does not qualify as a class action under the requirements of Fed.R.Civ.P. 23. That rule provides:

> (a) Prerequisites. One or more members of a class may sue or be sued as representative parties on behalf of all members only if:
> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.
> (b) Types of Class Actions. A class action may be maintained if Rule 23(a) is satisfied and if: (1) prosecuting separate actions by or against individual class members would create a risk of:
> (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or (3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include: (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

The Amended Complaint (Docket No. 7) does not contain any showing pursuant to Fed.R.Civ.P. 23(b)(1)(A) that prosecuting separate actions by or against individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for the party opposing the class. Plaintiffs generally complain in the initial Complaint (Docket No. 1) and the Amended Complaint that they are not being provided appropriate "good time" credit and are not afforded opportunities to earn

other forms of credit toward their sentences which are afforded to prisoners at other facilities. They also claim that they are not provided "jacket reviews" by the parole board and that the case workers at the Western New Mexico Correctional Facility lack adequate education or training to calculate prisoners' good time credits correctly. Individual claims regarding these allegations would not establish incompatible standards of conduct for Defendants or the guards and administrators of the Western New Mexico Correctional Facility.

Further, Fed.R.Civ.P.. 23(b)(2) requires that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. This requirement demands a certain cohesiveness among class members with respect to their injuries, the absence of which can preclude certification. Shook v. Board of County Comm. of County of El Paso, 542 F.2d 597, 604 (10th Cir. 2008). "A class action may not be certified under Rule 23(b)(2) if relief specifically tailored to each class member would be necessary to correct the allegedly wrongful conduct of the defendant." 5 Moore's Fed. Prac. § 23.43(2)(b) at 23-195 (3d.2000) (quoted in Shook, 542 f.2d at 604). In this case, Plaintiffs' allegations of general differential treatment of female prisoners applies to all prisoners at the facility. However, the allegations of denial of good time credits or timely release on parole requires individual determination of circumstances and damages. With respect to an injunction that might be awarded under Fed.R.Civ.P. 65, the majority of the relief sought would require an injunction which is too general to be enforceable.

In the Motion for Joinder (Docket No. 43) Plaintiffs assert that they wish to join Marsh and Henning to assist in fulfilling the requirement that they exhaust administrative remedies or explain why they should be excused from exhausting such remedies. Plaintiffs contend that Marsh and Henning had a different unit manager in the correctional facility and were more successful in having grievances responded too. The Prison Litigation Reform Act places the burden on the prisoner to

demonstrate administrative exhaustion in her complaint. <u>Steele v. Fed. Bur. of Prisons</u>, 355 F.3d 1204, 1207-10 (10th Cir.2003). To satisfy this burden, a prisoner must plead his claims with a short and plain statement showing that she is entitled to relief, in compliance with Fed.R.Civ.P. 8(a)(2), and attach a copy of the applicable administrative dispositions to the complaint, or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome. *Id.* at 1210 (internal quotations omitted). As each individual pursues her claims, she must meet this standard, which does not appear to permit general exhaustion by one plaintiff that then applies to all others raising a similar claim.

Given the nature of the claims in this suit and its apparent unsuitability for prosecution as a class action, the motions for joinder are not well taken and should be denied. If the motions for joinder are denied, the Motion to Proceed Under 28 U.S.C. §1915 by Linda Henning (Docket No. 47) and the Motion to Proceed Under 28 U.S.C. §1915 by Sandra Marsh (Docket No. 45) are rendered moot.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion for Joinder (Docket No. 43), the Motion for Joinder by Sandra Marsh (Docket No. 44), and the Motion for Joinder by Linda Henning (Docket No. 46) are denied;

**IT IS FURTHER ORDERED** that the Motion to Proceed Under 28 U.S.C. §1915 by Sandra Marsh (Docket No. 45) and the Motion to Proceed Under 28 U.S.C. §1915 by Linda Henning (Docket No. 47) are denied as moot.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**