**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

RITA FLOYD, et al.,

    Plaintiffs,

v.                                                                No. CIV 07-1258 MCA/DJS

STATE OF NEW MEXICO,
NMWCF AT GRANTS (C.C.A.),
WARDEN (ALLEN COOPER),

    Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. §§ 1915, 1915A, and rule 12(b)(6) of the Federal Rules of Civil Procedure, for further consideration of Plaintiffs' civil rights complaint. Plaintiffs are confined at the New Mexico Women's Correctional Facility and have filed an original complaint and two amended complaints, as well as motions to amend. Plaintiffs allege that poorly trained prison staff fail to properly calculate and award good time credits and lump sum awards for inmates. They also allege that they are not given "jacket reviews" for consideration of parole. As a result, Plaintiffs are not allowed to participate in certain programs and their release dates are miscalculated. They contend that Defendants' actions violate their rights under the Eighth and Fourteenth Amendments. The complaint seeks correction of these conditions of confinement and, in subsequent filings (e.g., Docs. 19, 20), monetary damages.

The Court notes that in another pending case asserting nearly identical claims against the same Defendants, the Court ruled that the plaintiffs' allegations survived scrutiny under Fed. R. Civ.

P. 12(b)(6).  *See Smith v. NMWCF*, No. CV 08-0557 MCA/DJS (Doc. 59); *and see Duhart v. Carlson*, 469 F.2d 471, 473 (10th Cir. 1972) (taking judicial notice of court's own records).  On the other hand, Plaintiffs' claims are not properly brought against the State of New Mexico and the correctional facility.  "[T]he Supreme Court has held that . . . states . . . are [not] 'persons' within the meaning of 42 U.S.C. § 1983."  *Florez v. Johnson*, 63 F. App'x 432, 435 (10th Cir. 2003) (citing *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).  "In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.' "  *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997)).  Likewise, "a detention facility is not a person or legally created entity capable of being sued."  *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001).  The Court will dismiss Plaintiffs' claims against these Defendants.

Furthermore, mailings to Plaintiff Judda have been returned undelivered, and the file contains no other address for this Plaintiff.  It appears that Plaintiff Judda has been released from custody or transferred without advising the Court of her new address, as required by D.N.M.LR-Civ 83.6.  Plaintiff's failure to comply with the Court's local rules demonstrates a manifest lack of interest in litigating her claims, *see Martinez v. Internal Revenue Service*, 744 F.2d 71, 73 (10th Cir. 1984); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Oklahoma Publishing Co. v. Powell*, No. 78-1856, 1980 WL 6687, at *2 (10th Cir. Mar. 7, 1980), and constitutes grounds for dismissing her claims, *see Baker v. Suthers*, 9 F. App'x 947, 950 (10th Cir. 2001).  The Court will dismiss Plaintiff Judda's claims.

IT IS THEREFORE ORDERED that Plaintiffs' claims against Defendants State of New Mexico and NMWCF at Grants (C.C.A.) are DISMISSED with prejudice, and Defendants State of

New Mexico and NMWCF at Grants (C.C.A.) are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff Judda's claims are DISMISSED without prejudice; and Plaintiff Judda is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that, within fourteen (14) days from entry of this order, Defendant Cooper answer Plaintiffs' claims in the second amended complaint (Doc. 7).

_____
UNITED STATES DISTRICT JUDGE